J. Bennett Jones, alias J. Bennett, alias Harper, v.
The State.

No. 3603. Decided June 16, 1915.

**1.—Theft—Sufficiency of the Evidence.**

Where, upon trial of theft, the evidence sustained the conviction, there was no reversible error on that ground.

**2.—Same—Jury and Jury Law.**

Where the objections of appellant to some of the jurors, on account of prejudice against him, was not verified in the record, the matter can not be reviewed on appeal.

**3.—Same—Postponement—Motion for New Trial.**

Where appellant complained that he was not ready for trial, but the record failed to show that he moved to postpone or continue the case, but

raised this question for the first time in his motion for new trial, the matter can not be reviewed on appeal.

### 4.—Same—Argument of Counsel—Bill of Exceptions.

In the absence of a bill of exceptions to the argument of counsel, or other verification in the record, the matter can not be reviewed on appeal.

Appeal from the District Court of Collin. Tried below before the Hon. M. H. Garnett.

Appeal from a conviction of theft; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*J. Bennett Jones,* in person, for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of theft of sixty-eight dollars in money, and his punishment assessed at three years confinement in the State penitentiary.

The evidence sustains the verdict, and this ground of the motion for new trial is without merit.

The fact that "several of the men who served on the jury had read a newspaper account of the case and might have been prejudiced against appellant" is not verified in any way, there being no bill of exception in the record.

If appellant was not ready for trial he should have moved to postpone or continue the case and not wait until after verdict to present such question for the first time in his motion for new trial. Testimony of previous good character would not be newly discovered testimony.

The allegation in the motion for new trial that the prosecuting officer used certain remarks does not verify that fact. If it is true that such remarks were made and excepted to by appellant, that fact should have been shown by a proper bill of exception.

The judgment is affirmed.

*Affirmed.*